```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


DAN THOMAS, SPN NO. 00045167    §
(TDCJ-CID NO. 355395),          §
                                §
             Plaintiff,         §
                                §    CIVIL ACTION NO. H-08-0138
v.                              §
                                §
BEVERLY JOINA, et al.,          §
                                §
             Defendants.        §
```

**MEMORANDUM OPINION AND ORDER**

Dan Thomas, a former inmate of the Texas Department of Criminal Justice - Correctional Institutions Division now incarcerated in the Harris County Jail (HCJ), has filed a section 1983 civil rights complaint against HCJ officials, Sheriff Tommy Thomas, and members of Harris County Commissioner's Court. Thomas has also filed an Application to Proceed In Forma Pauperis. The pauper's application will be denied, and this action will be dismissed due to Thomas's history of filing frivolous complaints and because the claims asserted are legally frivolous.

Thomas argues in his original complaint that HCJ Law Librarian Beverly Joina and Deputy Segura, an officer assigned to the law library, denied him access to the courts by limiting his library visits to one hour per week. He asserts that the limitation was pursuant to a policy implemented by Sheriff Thomas and members of the Harris County Commissioner's Court.

Thomas alleges that he is facing two criminal charges in state court and is proceeding without counsel. He complains that Ms. Joina and Officer Segura denied him use of the HCJ law library on November 13, 2007, and January 4, 2008. Thomas seeks a declaratory order regarding his rights of access to the courts and an injunction allowing him ten hours per week in the law library. He also seeks unspecified damages along with court costs.

Thomas's claim is frivolous because he does not have a free-standing right of access to a law library and must show that he has actually been prevented from asserting a legitimate claim regarding the criminal charges brought against him. See Lewis v. Casey, 116 S.Ct. 2174 (1996). Thomas alleges that he is without counsel, but he makes no assertion as to whether the state court has had an opportunity to appoint one. Nor does he provide any information about the current status of the criminal proceedings against him. If a licensed attorney has been appointed for Thomas, he cannot refuse the attorney's representation and then demand access to the law library. Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996). Moreover, Thomas does not present an actionable claim because he fails to show that the time limits placed on his access to the library have actually prejudiced his defense. Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir. 1992), citing Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988). See also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999); Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996) (restrictions may be placed on inmate access

to a law library). This prisoner complaint will therefore be dismissed as frivolous. 28 U.S.C. § 1915A.

Apart from filing a legally baseless complaint, Thomas cannot proceed in this action because of his history of frivolous litigation. Barring a showing of imminent danger, under the Prison Litigation Reform Act of 1995 a prisoner may not file an action without prepayment of the filing fee if he has, on three or more prior occasions, filed a prisoner action in federal court which was dismissed as frivolous or malicious. 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996). Thomas has filed numerous prisoner complaints and has previously been barred from proceeding as a pauper because at least three of those actions were dismissed as frivolous. See Thomas v. Rosado, No. H-02-1795 (S.D. Tex. Feb. 3, 2003); Thomas v. Stackhouse, No. 9:02CV125 (E.D. Tex. June 12, 2002) ("Thomas is well known to this court."), citing Thomas v. Commissioner's Court, No. 6:93CV792 (E.D. Tex. Mar. 31, 1994); Thomas v. Alford, No. 6:93CV329 (E.D. Tex. July 23, 1993); Thomas v. Foster, 6:92CV240 (E.D. Tex. Aug. 3, 1992); Thomas v. Cooper, 9:83CV221 (E.D. Tex. July 2, 1991).

Because the facts asserted in Thomas's complaint do not indicate that Thomas is in any immediate danger that would warrant waiver of the fee requirement, he cannot proceed as a pauper in this action. Choyce v. Dominguez, 160 F.3d 1068, 1070-71 (5th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

## **Conclusion**

The Court **ORDERS** the following:

1. Thomas's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED.**

2. This prisoner Complaint (Docket Entry No. 1) is **DISMISSED** because the claims are frivolous and because the plaintiff has a history of filing frivolous complaints.  28 U.S.C. § 1915A; 28 U.S.C. § 1915(g).

3. The Clerk will provide a copy of this Memorandum Opinion and Order to the plaintiff.  The Clerk shall also provide a copy of this Memorandum Opinion and Order to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Pro Se Staff Attorney's Office.

**SIGNED** at Houston, Texas, on this the 12th day of May, 2008.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE